Ruiz, Plaintiff and Appellee, *v.* Employers Liability Assurance Corporation, Ltd., Defendant and Appellant.

Appeal from the District Court of Mayagüez in an Action to Recover on an Insurance Policy.

No. 2529.—Decided July 24, 1922.

Automobile—Insurance—Collision—Evidence—Rebuttal. — *Prima facie* evidence that an automobile is registered in the Treasury Department of Porto Rico as a public-service conveyance valued at $400 may be rebutted at the trial by evidence that the automobile had not been devoted to public service, but to private service, since it was insured against collision and that on the day of the accident which originated the action it was worth more than $400.

Id.—Id.—Id.—Id.—Credibility of Witness.—In this case it was *held:* That the discrepancy in the testimony of the plaintiff's witnesses as to the hour when the collision occurred does not affect their credibility, for although some of them did not give the exact hour, they all agreed that the accident occurred about half past six o'clock in the afternoon.

Id.—Id.—Id.—If as a result of the collision the steering gear of the automobile failed to work and for that reason the vehicle went over a precipice and was smashed, it must be concluded that the collision was the cause of its destruction as regards an insurance policy on the automobile covering collisions.

The facts are stated in the opinion.

*Messrs. Chas. Hartzell* and *F. Ramírez de Arellano* for the appellant.

*Mr. P. Fajardo Martínez* for the appellee.

Mr. Justice Aldrey delivered the opinion of the court.

Inocencia Ruiz brought this action to recover the sum of $1,085 from the defendant as insurance on an automobile which, on July 1, 1920, collided with another automobile and fell over a precipice and was totally destroyed. The plaintiff thereafter assigned her rights to Adolfo Ruiz who proceeded with the action.

The defendant set up several defenses in its answer and judgment was rendered against the defendant for the sum claimed. From that judgment the defendant took this appeal.

One of the defenses set up by the defendant was that the insurance policy on the automobile was canceled by the company immediately after it was issued because the plaintiff applied for insurance on the automobile for the sum of $1,085 as a private car, paying a premium of $72.50, when the fact is that the car was engaged in public service and therefore the premium should have been $239.

On this point the lower court found that at the time of the accident and ever since the plaintiff purchased the automobile it was used and engaged in her private service, and now the appellant alleges that the court erred in holding that the policy declared on was valid, because in the office of the Treasurer of Porto Rico the automobile was registered as a public service vehicle.

It is true that after the action was brought the insurance corporation undertook to refund ·to the plaintiff the insurance premium which the plaintiff refused to accept, and also that when the automobile was insured it was registered in the office of the Treasurer of Porto Rico as a public service vehicle and continued so registered until July 1, 1920, when it was registered as a private service car, but the *prima*

*facie* evidence that it was a public service automobile was destroyed by other positive evidence to the effect that the plaintiff never used her automobile in the public service, but only for her private purposes; therefore, the court did not err in finding that the policy was in force at the time of the accident in which the automobile was destroyed, because it was not shown that there was fraud in obtaining the insurance policy.

The second ground is the alleged error of the court in finding that the value of the automobile was $1,085, the value placed upon it by the plaintiff when she obtained the policy, and not $400, which was its actual value at the time of the accident.

The trial court also found that at the time of the accident the automobile was worth more than $1,200, and so it appears from the evidence, for it was proved that the local price of that class of automobiles was $1,800; that when it was destroyed as a result of the accident it was in very good condition and almost new, and that it was worth from $1,200 to $1,300. However, the appellant contends that inasmuch as from the records of the Treasurer of Porto Rico the automobile appears as having a value of $400, that is its real value.

We repeat that this *prima facie* evidence was destroyed by other evidence which showed that the actual value of the automobile was from $1,200 to $1,300; therefore the court did not err in giving judgment for the sum of $1,085 for which it was insured.

Another ground of the judgment of the lower court was the following finding of fact: That on July 1, 1920, when the insurance policy was in force, at about 6 o'clock in the afternoon, the insured automobile was being driven at a moderate rate of speed along the road between Maricao and the city of Mayagüez and upon rounding a curve at a place known as Alta de Manzano it was suddenly met by another

automobile driven by a certain Zapata and coming from the opposite direction. In attempting to avoid a collision the plaintiff's chauffeur tried to escape the other car, but the left front wheel of the plaintiff's car struck the back part of the car driven by Zapata and as a result of this the steering gear was injured and would not operate, whereupon the insured car went into the ditch on the left side of the road and fell over a precipice and was wrecked to the extent of being unservicable and valueless.

Against this finding it is alleged in the third ground of appeal that the court erred in holding that there was a collision between the plaintiff's car driven by Alayón and the car driven by Zapata.

The evidence of the plaintiff with regard to the collision was not contradicted by the defendant, but rather appears to have been corroborated by one of its witnesses. However, the appellant maintains that the court should have given it no credit because there was some discrepancy among the witnesses with regard to the exact hour at which the collision occurred. Such a variance is insignificant, for although some of the witnesses did not mention the exact hour, they all agreed that the accident occurred in the afternoon at about half past six, wherefore we do not believe that the court erred in this regard.

Finally it is assigned that the court erred in holding that the accident was covered by the policy, for if it is true that the collision occurred, this would not be sufficient to cause the automobile to fall over the precipice, the Maricao road being broad, and although the steering gear of the automobile may have been damaged somewhat, if the car continued running and afterwards went over the precipice, the car would not be covered by the policy because its destruction would not have been due to a collision with Zapata's car, but to its falling over a precipice.

This argument rests wholly on suppositions. The fact

is that as an immediate result of the collision the steering gear became defective and would not work, thus causing the fall of the automobile over a precipice and its total destruction.

The judgment appealed from must be

*Affirmed.*

Chief Justice Del Toro and Justice Hutchison concurred.

Justices Wolf and Franco Soto took no part in the decision of this case.